The **FIRST AMENDMENT COALITION,**
**Frederick J. Huysman and Daniel**
**R. Biddle**

**v.**

**JUDICIAL INQUIRY AND**
**REVIEW BOARD.**

**Civ. A. No. 83–0579.**

United States District Court,
E.D. Pennsylvania.

April 2, 1984.

Samuel E. Klein, Philadelphia, Pa., for plaintiffs.

Perry S. Bechtle, Philadelphia, Pa., for defendant.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

On February 22, 1984, I entered an Order disposing of the merits of this case.

That order, *inter alia*, directed the defendant Board of Judicial Inquiry and Review to provide public access to transcripts of certain categories of Board proceedings. These transcripts have heretofore been treated by the Board as confidential, pursuant to a mandatory provision of the Pennsylvania Constitution—a provision which, in an opinion filed on February 1, 1984, 579 F.Supp. 192, I determined to be incompatible with the First and Fourteenth Amendments.

The defendant Board has filed a notice of appeal and has petitioned this court, pursuant to Federal Rule of Civil Procedure 62(c), for a stay of the February 22 Order pending appeal.[1] Plaintiffs' response to the motion for a stay pending appeal acquiesces in the motion except insofar as it would delay public release by the Board of the transcript of the Board proceedings relating to Justice Rolf Larsen of the Pennsylvania Supreme Court. That transcript, plaintiffs contend, should be released forthwith.

### I. *What A Court Must Consider In Determining When To Grant A Stay Pending Appeal*

Rule 62(c) provides in pertinent part as follows:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

The principles governing exercise of the discretion vested in the court by Rule 62(c) were set forth by Judge Harrison L. Winter in *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir.1970):[2]

The legal principles by which an application for a stay of an order of a district court pending appeal is to be judged may be simply stated. The leading authority is *Virginia Petroleum Jobbers Association v. Federal Power Commission*, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958) cited with approval in *Permian Basin Area Rate Cases*, 390 U.S. 747, 773, 88 S.Ct. 1344, 1363, 20 L.Ed.2d 312 (1968). The principles set forth in the *Virginia Petroleum Jobbers Association* case appear to be the law of this circuit. *Airport Commission of Forsyth County, N.C. v. Civil Aeronautics Board*, 296 F.2d 95 (4 Cir.1961). They have subsequently been expressly adopted in the fifth and second circuits. *Belcher v. Birmingham Trust National Bank*, 395 F.2d 685 (5 Cir.1968); *Eastern Air Lines, Inc. v. Civil Aeronautics Board*, 261 F.2d 830 (2 Cir.1958). See also *Pitcher v. Laird*, 415 F.2d 743 (5 Cir. 1969); *Covington v. Schwartz*, 230 F.Supp. 249 (N.D.Cal.1964), mod. and aff'd, 341 F.2d 537 (9 Cir.1965). Briefly stated, a party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay.

Judge Winter's analysis is consistent with the way Rule 62(c) has been applied by judges in this circuit. In *Evans v. Buchanan*, 424 F.Supp. 875, 879–880 (D.Del. 1976) *aff'd as modified*, 555 F.2d 373 (3d Cir.1977), *cert. denied*, 434 U.S. 280, 98 S.Ct. 235, 54 L.Ed.2d 160 (1977), Judge Schwartz wrote:

> The request for a stay is addressed to the sound discretion of the court. *Coppedge v. Franklin County Board of Ed-*

---

**1.** Plaintiffs have also filed a notice of appeal.

**2.** Although in that instance Judge Winter, a Circuit Judge, was considering a motion for a stay after a stay had already been denied below, Judge Winter's discussion addresses the standards applicable to a motion for stay when first

presented: The motion as it came to Judge Winter appeared to be supported by facts developed post-trial, wherefore, he decided to "treat the application as if it were made to me in the first instance and not give weight to the district judge's denial of the motion." 432 F.2d at 979.

*ucation,* 293 F.Supp. 356, 362 (E.D.N.C. 1968); *Hobson v. Hansen,* 44 F.R.D. 18, 21 (D.D.C.1968). As with any exercise of discretion, the court must balance the equities presented by the particular set of facts. *Taylor v. Board of Education,* 195 F.Supp. 231, 238 (S.D.N.Y.), aff'd 294 F.2d 36 (2d Cir.); *cert. denied* 368 U.S. 940, 82 S.Ct. [382], 383, 7 L.Ed.2d 339 (1961). If a stay is granted, and the decision on the merits affirmed on appeal, enforcement of plaintiff's legal rights will have been substantially delayed. If, on the other hand, no stay is granted, but the Order is overturned on appeal, defendant already may have made irrevocable decisions in accordance with the subsequently vacated court order.

The party seeking the stay must show that: 1) it likely will prevail on the merits of the appeal; 2) it will suffer irreparable injury if the stay is denied; 3) other parties will not be substantially harmed by the stay and 4) that no harm will be done to the public interest. *Reserve Mining Co. v. U.S.,* 498 F.2d 1073, 1076–77 (8th Cir.); *application to vacate stay denied,* 419 U.S. 802, 95 S.Ct. 287, 42 L.Ed.2d 33 (1974); *Bauer v. McLaren,* 332 F.Supp. 723, 729 (S.D.Iowa 1971); *Friends of the Earth v. Armstrong,* 360 F.Supp. 165, 195 (D.Utah), *vacated on other grounds,* 485 F.2d 1 (10th Cir. 1973), *cert. denied* 414 U.S. 1171–72, 94 S.Ct. 933, 39 L.Ed.2d 120 (1974).

In *Halderman v. Pennhurst State School & Hospital,* 451 F.Supp. 233, 235 (E.D.Pa.1978), Judge Broderick followed the same approach:[3]

It is well settled by the case law that a party seeking the stay of a judgment order must show (1) that it will likely prevail on the merits of the appeal, (2) that it will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the

stay, and (4) that the public interest will be served by granting the stay. *Philadelphia Counsel of Neighborhood Organizations v. Adams,* 451 F.Supp. 114 (E.D.Pa.1978); *Long v. Robinson,* 432 F.2d 977, 979 (4th Cir.1970); *Resident Advisory Board v. Rizzo,* 429 F.Supp. 222, 224 (E.D.Pa.1977).

Relying on Judge Broderick's *Pennhurst* analysis, defendant then looks to the Third Circuit's opinion in *Constructors Assoc. of Western Pa. v. Kreps,* 573 F.2d 811, 835, for the proposition that whereas "these [four] factors structure the inquiry ... no one aspect will determine its outcome. Rather, proper judgment entails a delicate balancing of all elements." The Third Circuit's language appears on its face to be inapt authority, since *Constructors Association* dealt not with the factors touching on the staying of an order pending appeal but with the factors relevant to the grant of a preliminary injunction. However, Judge Schwartz has observed that the four factors to be considered on a motion for a stay pending appeal "are somewhat similar to those considered with respect to the grant of preliminary injunctive relief," *Evans v. Buchanan, supra,* 424 F.Supp. at 879 n. 21, and Judge Broderick invoked the *Constructors Association* pronouncement in *Pennhurst,* 451 F.Supp. at 235.

II. *The Propriety Of A Stay Pending Appeal In This Case*

■ To recapitulate, the showing which must be made to justify a stay pending appeal is, as Judge Winter put the matter, as follows (432 F.2d at 979):

Briefly stated, a party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and

---

**3.** The Memorandum published at 451 F.Supp. 233 disposed of an application for a stay pending appeal of *Halderman v. Pennhurst State School & Hospital,* 446 F.Supp. 1295 (E.D.Pa. 1978), *aff'd,* 612 F.2d 84 (3d Cir.1979) (en banc),

*rev'd,* 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981), *on remand,* 673 F.2d 647 (3d Cir.1982) (en banc), *rev'd* —— U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

(4) that the public interest will be served by granting the stay.

A moment's consideration will suggest that in this case the most important issue to be addressed is the first—whether the Board "will likely prevail on the merits of the appeal." Thus, if we address the *second* issue, it is indisputable that the Board will suffer "irreparable injury" if (a) I now deny a stay, thereby forcing the Board to divulge the transcript relating to the investigation of Justice Larsen, and (b) in the fullness of time the Court of Appeals finds that I was in error on the merits.[4] This means that the likelihood that "irreparable injury" will ensue from denial of a stay is directly proportioned to the likelihood that the defendant will "prevail on the merits of the appeal." Similarly, the harm accruing to the plaintiffs from the grant of a stay—the third issue—is real if the Order entered on February 22 is affirmed on appeal but non-existent if the Order is set aside. In the same way, the public interest—the fourth issue—will be served by the grant of a stay if the February 22 Order is erroneous; otherwise, the grant of a stay will in some measure disserve the public interest.[5]

I return, then, to the first of the four factors. How likely is it that defendant will prevail on appeal? I agree with defendant's submission that the Order of February 22 rests on an essentially untested constitutional analysis. In the relevant case law, as developed in my opinion of February 1, I can point to no single authoritative decision mandating (a) the holding I announced in my opinion and (b) the resultant Order. On the other hand, I have found no single authoritative decision pre-

cluding that holding and the resultant Order. If the question is whether I think that the balance of probability is that I was wrong and that my Order will be set aside on appeal, that is not my view. If that were my assessment I would not have decided the merits as I did.

I do not, however, think that whether a stay should be granted must depend on my concluding that I was probably in error. If I am satisfied that there is a reasonable possibility—albeit not a probability—that I was in error, it seems to me that the equities would then shift strongly towards granting a stay. For my Order purports to overturn a policy and a process which the people of the Commonwealth set sufficient store by to incorporate into the Commonwealth's Constitution. If there is a significant possibility that it is I who am in error and the Pennsylvania Constitution which is on sound federal constitutional ground, I think it is a sound exercise of my discretion as a federal judge sitting at first instance to give the Commonwealth's policy and process some breathing room—unless to do so might seriously compromise important entitlements of the plaintiffs.

■ It is my judgment that being forced to await for a few more months the public disclosure of the Larsen transcript is not a serious imposition on plaintiffs. I believe this as a general matter. And I believe it in particular for the reason that the imposition is one which, evidently, plaintiffs have it within their own power to take steps to mitigate. Newspapers which are members of the plaintiff First Amendment Coalition published materials in May of 1983 which purported to be excerpted from the Larsen

---

**4.** This is not a situation in which there is an available compensatory remedy, monetary or otherwise, which could redress the injury occasioned by unwarranted disclosure: the genie of news cannot be put back in the bottle.

**5.** I have used the phrase "in some measure" advisedly, to suggest that the damage to the public interest which would flow from grant of a stay followed by affirmance of the February 22 Order is less than the damage to the public interest which would flow from denial of a stay followed by reversal of the February 22 Order:

If the Order is stayed and subsequently affirmed, the net cost to the public will be some further delay in access to a transcript, substantial and presumably authentic portions of which were published by two newspaper members of the First Amendment Coalition over ten months ago. It may be added that in this case, where plaintiffs have pressed their First Amendment claims as surrogates for the public, I regard the public interest (fourth issue) as embracing the plaintiffs' interest (third issue).

transcript. Presumably, those newspapers can still find in their files and share with their fellow Coalition members—and even with the public, whose First Amendment interests they seek to vindicate—more excerpts, or even the entirety of the transcript. Against, this background, the Coalition is less than persuasive in insisting that interim judicial intervention—at the possible cost of undercutting the Pennsylvania Constitution without federal constitutional warrant—is the required mode of public release of the transcript.[6]

Wherefore, in an accompanying Order, defendant's motion for a stay pending appeal will be granted.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby ORDERED that defendant's motion for a stay pending appeal is GRANTED.

---

**6.** My judgment is not affected by plaintiffs' representation that Justice Larsen would welcome public disclosure of the transcript. Justice Larsen is not a party to these proceedings and does not appear to have authorized plaintiffs to speak for him in this court. Moreover, nothing in my Order of February 22, or in the Order which accompanies this Memorandum, would preclude Justice Larsen—whether acting alone or in conjunction with plaintiffs—from asking the Board to release the transcript: It would seem that, at least in the first instance, it would be for the Board, as the entity established by and operating pursuant to Article 18 of the Pennsylvania Constitution, to consider whether the confidentiality mandated by that challenged constitutional provision is waivable by the accused judge after the Board has voted to dismiss charges.