John E. **GUSDONOVICH**, Jr., Plaintiff,

v.

**BUSINESS INFORMATION CO.**, a corporation, and **Ralph Passant** and **Angelo Nolfi** and **Orville Farmer**, Defendants.

Civ. A. No. 82–1037.

United States District Court, W.D. Pennsylvania.

Nov. 24, 1987.

2. This request is found only in the plaintiffs' memorandum of law.

Peter N. Georgiades, Hess, Reich, Georgiades, Ray & Homyak, Pittsburgh, Pa., for plaintiff.

Daniel R. Gigler, Robb, Leonard & Mulvihill, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

DIAMOND, District Judge.

The defendants, Business Information Company ("BIC"), Ralph Passant, Angelo Nolfi, and Orville Farmer have moved for a stay of execution of the court's judgment of August 25, 1987, pending appeal pursuant to Rule 62(d) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion will be denied.

The "standard for ascertaining the propriety of a stay, like that governing grants of preliminary injunctions contains four elements: (1) a reasonable probability of success on appeal; (2) the prospect of irreparable harm pendente lite if relief is not granted; (3) the possibility of harm to other interested persons and (4) the public interest." *Hoots v. Pennsylvania,* 651 F.2d 177 (3d Cir.1981); *First Amendment Coalition v. Judicial Inquiry, Etc.,* 584 F.Supp. 635 (E.D.Pa.1984). The burden is on the moving party to show that these elements justify the granting of a stay. *First Amendment Coalition,* 584 F.Supp. at 637. The court will address each element in turn to determine whether the defendants have sufficiently shown that a stay is warranted.

### A. *Probability of Success on Appeal.*

Before addressing this factor, the court notes the defendants' assertion that the requirement of showing success on the merits has been qualified to require only a showing of a substantial case on the merits when a serious legal question is involved. *Ruiz v. Estelle,* 650 F.2d 555 (5th Cir.1981) *(Ruiz I).* However, the Fifth Circuit has acted to clarify the *Ruiz* decision in light of abuse by various appellants. *Ruiz v. Estelle,* 666 F.2d 854 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983) *(Ruiz II).* Specifically, the court rejected the idea that *Ruiz I* was a "coup de grace for the likelihood of success criterion ..." and stated that only if the balance of the equities was *"heavily tilted"* in the movant's favor would the more relaxed requirement apply. *Ruiz II,*

666 F.2d at 856–57 (emphasis in original). For reasons which will soon become clear, the court does not believe the balance of the equities is heavily tilted in defendants' favor and will accordingly apply the normal standard—namely—whether the defendants have shown a reasonable probability of success on appeal.

■ Defendants argue that the issue of whether private investigators are exempt under the Federal Fair Labor Standards Act raises a "serious legal question." Thus, defendants rely on this issue to show probability of success on appeal. However, the only support offered to show this probability is the fact that the question is one of first impression before the Third Circuit. The court does not believe that the mere fact that the matter has not been specifically addressed by the Court of Appeals is sufficient to show a probability of success on the merits. Accordingly, the court believes that the defendants have failed to show any probability of prevailing on appeal and concludes that this element weighs against the defendants. An independent review by this court of its earlier opinion addressing the exemption issue does not compel a different conclusion.

## B. *Irreparable Injury If Stay Denied.*

■ In order to show irreparable harm, the defendants argue that the attachment of the corporate checking account in the amount of the judgment will seriously impede the corporation's ability to carry on its daily affairs creating irreparable harm to the reputation of the defendants. The court notes, however, that these assertions in defendants' brief are not verified in any way; nor have the defendants provided any affidavits or corporate documents to support their claim of irreparable harm. Accordingly, the court concludes that the defendants have failed to sufficiently show that the denial of the stay will cause them irreparable harm.

## C. *Possibility of Harm to Others.*

■ The defendants claim that the "grant of the stay will not in any manner adversely affect the plaintiff." The defendants essentially argue that the grant of the stay will merely preserve the status quo; and since the plaintiff has survived since 1982 without the amount in dispute, he will not be harmed by waiting until the appeal is concluded.

This argument contrasts sharply with plaintiff's assertions of financial difficulty outlined in his affidavit in opposition to defendants' motion. This economic hardship includes the need to repay various loans with interest rates far in excess of the 5.75 post-judgment rate awarded in this case and various other debts including loans from family members, outstanding heating gas bills and back taxes. Since the defendants have not offered any proof to the contrary, the court finds that the granting of a stay will harm the plaintiff.

### Conclusion

■ The court finds that the examination of the above elements [1] weighs against the granting of the stay. Since the defendants have failed to show a probability of success on the merits on appeal, that they will suffer irreparable harm if the stay is denied, and that the plaintiff will not be harmed by the stay, the court concludes that the granting of a stay pending appeal pursuant to Rule 62(d), Fed.R.Civ.P., is unwarranted. Accordingly, defendants' motion will be denied.

An appropriate order will be entered.

---

**1.** The fourth element—the public interest—does not appear to be implicated by the facts in this case.