**COMBUSTION SYSTEMS SERVICES, INC., Plaintiff,**

v.

**SCHUYLKILL ENERGY RESOURCES, INC., Reading Anthracite Company, et al., Defendants.**

**Civ. A. No. 92–4228.**

United States District Court, E.D. Pennsylvania.

Jan. 26, 1994.

Glenn Callahan, John J. Delany, III, Callahan, Delany & O'Brien, Philadelphia, PA, for plaintiff.

Richard Caplan, Caplan & Luber, Paoli, PA, for defendant Schuylkill Energy Resources, Inc.

### MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff moves pursuant to Fed.R.Civ.P. 62(b) for an order granting a stay of execution of the judgment entered against Plaintiff on December 30, 1993.[1]

On January 6, 1994 Plaintiff filed a motion for a new trial or a judgment as a matter of

---

1. This judgment was entered nunc pro tunc as of December 23, 1993. The order has the effect of awarding Defendants a net judgment in the amount of $714,569.94.

**74**

law. Oral argument on Plaintiff's motion for a stay was held telephonically on January 25, 1994. Defendants submitted written response to Plaintiff's motion for stay of execution on January 25, 1994.

### Discussion

Fed.R.Civ.P. 62(b) provides inter alia that if a Rule 50 or Rule 60 post trial motion is filed, a court may, in its discretion, stay the execution of a judgment pending the disposition of such motions. If a stay is granted, adequate provisions shall be made for the security of the adverse party. This case calls for the exercise of the Court's discretion to order a stay of execution.

In exercising this discretion, the Court has balanced the equities and has considered the factors the party seeking the stay must show as follows:

1) It likely will prevail on the merits of the appeal;

2) It will suffer irreparable injury if the stay is denied;

3) Other parties will not be substantially harmed by the stay; and

4) No harm will be done to the public interest. See the *First Amendment Coalition v. Judicial Inquiry and Review Board*, 584 F.Supp. 635 (1984).

The issues presented to the jury in this matter were complex and it is difficult for this Court to predict what the Court of Appeals might do.

In any event, although the Court will not concede that it committed error, this Court cannot conclude that Plaintiff has no reasonable possibility of success on the merits of its post trial motions or appeals. This Court has also considered whether Plaintiff will be irreparably injured without issuance of the stay and whether other parties, including Defendants, will be substantially harmed by issuance of the stay. The public interest does not appear to be implicated. Plaintiff believes its right to an automatic stay under Rule 62(d) will be nullified unless a stay pursuant to Rule 62(b) is granted. The Court takes no position as to this argument, but finds that Defendants will not be substantially harmed by the issuance of the stay.

Defendants' judgment shall be adequately protected. Plaintiff has offered to post a bond in the amount of the net judgment against it. Defendants will earn post judgment interest at the rate of six percent (6%) until the judgment is paid. Thus, Defendants suffer no injury from granting of the stay.

### Conclusion

Plaintiff's motion for a stay of execution pending resolution of Plaintiff's motion for a new trial or judgment as a matter of law is **GRANTED**. The stay shall take effect immediately upon entry of this Order with the Clerk of Court with posting of a bond and shall remain in effect until resolution of Plaintiff's motion for a new trial or judgment as a matter of law. Plaintiff shall post a bond in the amount of the net judgment against Plaintiff, plus post judgment interest accrued to date.