Jane SCHWARTZ; Lorraine Tufarella; Yvonne S. Carmona, individually and on behalf of their minor children and on behalf of a class of all other persons similarly situated, Plaintiffs,

and

Georgianna Bloch; Maria Santiago; Maria Moore; Janet Rivera; Doneen Johnson, Intervenor–Plaintiffs,

v.

Mary Pat DOLAN, Commissioner of the Tompkins County Department of Social Services; Edwin J. Miner, Commissioner of the Chautauqua County Department of Social Services; Michael J. Dowling, Commissioner, N.Y.S. Dept. of Social Services, Defendants.

No. 85–CV–1025 (FJS).

United States District Court, N.D. New York.

Jan. 17, 1995.

Greater Upstate Law Project, Albany, NY (Susan C. Antos, of counsel), Finger Lakes Health Systems Agency, Rochester, NY (Rene H. Reixach, of counsel), Chemung Legal Services, Ithaca, NY (Alicia Plotkin, of counsel), Chautauqua County Legal Services, Jamestown, NY (Raymond A. Yox, of counsel), for plaintiffs.

Legal Aid Society, Brooklyn, NY (Susan R. Sternberg, of counsel), Greater Upstate Law Project, Albany, NY (Susan C. Antos, of counsel), Greater Upstate Law Project, Rochester, NY (June Castellano, of counsel), Neighborhood Legal Services, Buffalo, NY (Colleen Pawling, of counsel), for intervenor-plaintiffs.

Dennis C. Vacco, Office of Attorney General, Albany, NY (Jeffrey M. Dvorin, Asst. Atty. Gen., of counsel), Office of Leonard J. Snow, Ithaca, NY (Leonard J. Snow, of counsel), Office of Social Services, Mayville, NY (Alfred McKee, of counsel), for defendants.

## MEMORANDUM–DECISION and ORDER

SCULLIN, District Judge.

### INTRODUCTION

This matter comes before the court on defendant Dowling's [1] Fed.R.Civ.P. 60(b)(6) motion for relief from this court's June 10, 1994 Memorandum–Decision and Order, as modified by an Order dated August 6, 1994. The June 10 Order granted in part and denied in part cross motions for summary judgment, 854 F.Supp. 932. Pursuant to Fed. R.Civ.P. 62, defendant also moves to stay the Order and judgment of the court pending appeal. Additionally, as requested by the court, plaintiff moves by letter brief for leave to file a motion for attorneys' fees.

### BACKGROUND

Pursuant to assignments voluntarily provided by individuals receiving Home Relief or assignments that must be given by persons as a condition of receiving Aid to Families with Dependent Children ("AFDC"), local support collection units ("SCUs") are entitled to receive and collect child support payments that are due plaintiffs. In accordance with the Deficit Reduction Act of 1984 and New York Social Services Law, plaintiffs are entitled to receive the first $50.00 of current support collected by SCUs on behalf of AFDC recipients, and to have these payments, known as "pass-through" payments, disregarded in determining a household's eligibility to receive public assistance benefits.

In this action plaintiffs alleged that defendants failed (1) to make support payments to which plaintiffs were entitled; (2) to provide plaintiffs with adequate notice concerning support collected on their behalf along with the basis for determining their eligibility for pass-through payments; and (3) to provide independent administrative hearings to re-view and correct errors concerning pass-through payments. On a motion and cross motion for summary judgment, the court ruled for plaintiffs with respect to the inadequate notice allegation and for defendants with respect to the inadequate hearing allegation.

The court ordered defendants to improve the notice given to plaintiffs by, inter alia,

(b) provid[ing], in the monthly mailer, information regarding the legal collection date of the payment, ... and the amount of the payment obligation; ... [and] (e) includ[ing] in (or with) the quarterly notice ... (iii) a breakdown, for each month covered by the quarterly notice, of the amount of support payments received by the local SCUs for the public assistance recipient.

June 10 Order, 854 F.Supp. 932, 940. By memorandum and affidavit of Oscar Best, Deputy Commissioner for the Division of Economic Security, New York Department of Social Services, defendant argues for relief from judgment under Fed.R.Civ.P. 60(b)(6). Additionally or in the alternative, pursuant to Fed.R.Civ.P. 62 defendant requests that the judgment of the court be stayed pending appeal.

Finally plaintiffs move for leave to file a motion for attorneys' fees notwithstanding their failure to comply with new Federal Rule 54(d)(2)(B) which requires that motions for attorneys' fees be filed within 14 days of entry of judgment.

### DISCUSSION

#### A. Rule 60(b)(6) Motion

Under Fed.R.Civ.P. 60(b)(6) "a court may relieve a party ... from a final judgment, order, or proceeding for ... (6) any other reason justifying relief from the operation of judgment."

Subpart (6) ... "confers broad discretion on the trial court to grant relief when 'appropriate to accomplish justice'" [and] it constitutes a "'grand reservoir of equitable power to do justice in a particular case.'" It is "properly invoked where there are extraordinary circumstances", or

---

1. Defendant Dowling is the Commissioner of the New York State Department of Social Services.

where the judgment may work an extreme and undue hardship, and "should be liberally construed when substantial justice will thus be served."

*Matarese v. Le Fevre*, 801 F.2d 98, 106 (2d Cir.1986), *cert. denied*, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987) (citations omitted).

■ Defendant makes several arguments—all variations on the same theme. Defendant objects to the requirement that it provide members of the plaintiffs' class both monthly mailers and a quarterly notice, each requiring different information, as discussed above. Defendant requests that "[t]he court ... *modify* its decision to allow the State to provide periodic, rather than monthly notice.... [T]he ... order should provide that certain *information* be conveyed through *periodic* notices, but should not specify the exact *format* of the notice." Defendant's Support Memorandum, 9 (emphasis in original and supplied). There are only so many ways to say one thing. Once distilled, defendants mass of vague justifications boils down to two words—COST and CONTROL.

Defendant doesn't desire relief from judgment because of some unusual circumstance that arose following the court's decision. Defendant wants relief from this aspect of the judgment solely because it was adverse to its interests. "[A] Rule 60(b)(6) motion may not be used as a substitute for appeal." *Matarese*, 801 F.2d at 107. The reasons for defendant's request were considered by the court in rendering its previous decision. Because there are no new, let alone extraordinary, circumstances, and because the judgment works no extreme and undue hardship, Defendant's motion is **DENIED.**

## B. Rule 62 Motion

Under Fed.R.Civ.P. 62(c):

[w]hen an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms

... as it considers proper for the security of the rights of the adverse party.

Although an appeal and cross-appeal were filed in this action, a mandate from the Second Circuit filed with this court on October 6, 1994 indicates that (1) the parties stipulated to the withdrawal of the appeal and cross-appeal, and (2) the withdrawal was without prejudice to reinstatement if the appeal was reinstated by November 7, 1994. If not reinstated by that date, "the appeal shall be deemed withdrawn with prejudice." Mandate (Docket 89). The November 7 deadline was extended to December 13, 1994, by mandate filed December 9, 1994. Although the record contains no indication that the appeal or the cross-appeal was reinstated within the time limit prescribed by the Second Circuit, the court assumes for the purposes of this decision that the parties stipulated to a further extension of time to appeal.[2]

■ In evaluating a motion for a stay pending appeal under Fed.R.Civ.P. 62(c), courts apply a test similar to that used to decide whether to grant a preliminary injunction. Four factors govern the court's discretion in ruling on this motion: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987).

## 1. Likelihood of Success on the Merits of the Appeal

■ Defendant's arguments regarding the first factor fall short of a strong showing that he is likely to succeed on the merits of an appeal. Defendant advances the same arguments advanced in the motions for summary judgment decided by this court's June 10 Memorandum–Decision and Order and in his motion for relief from judgment under Fed. R.Civ.P. 60(b)(6). For the reasons stated in

---

**2.** If the possibility of appeal were foreclosed by the parties' failure to reinstate, the motion would

be DENIED as moot.

the June 10 Memorandum–Decision and Order, the court concludes that defendant does not and cannot demonstrate a likelihood of success on the merits of its appeal. Defendant advances no arguments that this court has not heard, and ruled upon, before. Mere repetition of arguments previously considered and rejected cannot be characterized as a "strong showing."

Because of the inherent awkwardness in an analysis that requires a court to evaluate the likely success of a party on appeal of the court's own ruling, some courts apply a "serious legal issue" test. *See, e.g., Mowbray v. Kozlowski,* 725 F.Supp. 888, 889–90 (W.D.Va. 1989). Under this variation, the first factor weighs in the movant's favor where the case presents a "serious legal issue." *Mowbray,* 725 F.Supp. at 890. While the appeal of this case may, indeed, present a serious legal issue, the first factor is not the decisive factor in the court's decision to deny defendant's motion under Rule 62(c). Defendant has also failed to meet its burden with respect to the other factors, particularly irreparable harm.

## 2. Irreparable Harm

■ Under the second factor, the movant must demonstrate that he will suffer irreparable harm if the stay is not granted. Here defendant claims that the potential waste caused by this court's order if the defendant is successful on appeal involves more than just the expenditure of money. It requires a reallocation of the limited resources available to the Department of Social Services and a re-prioritization of DSS initiatives. Def's Memorandum, 11; Def's Reply Memorandum, 7.

While the injury that defendant will suffer if the stay is denied may be substantial, it is limited to economic and administrative injury insufficient to rise even to the level of extreme and undue hardship (as decided above), let alone irreparable harm. The *Mowbray* court made clear that " '[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough' to show irreparable harm." *Mowbray,* 725 F.Supp. at 890–91 (quoting *Long v. Robin-*

*son,* 432 F.2d 977, 980 (4th Cir.1970)). This court agrees with the *Mowbray* formulation and defendant points us to no contrary legal authority. Because defendant alleges only administrative and economic harm, this court finds that they are unable to allege injury amounting to irreparable harm. Accordingly, defendant's motion must be denied.

## 3. Injury to Other Parties

■ The sum of defendant's argument that a stay will not cause substantial injury to the plaintiff class states:

DSS already provides a thorough notice and review mechanism for pass-through disputes. It cannot seriously be argued that briefly delaying implementation of any notice changes pending appeal, in this nearly decade-old lawsuit, will substantially impair the rights of the Plaintiff class.

Def's Memorandum, 12. Thus, defendant argues that continued use of the very notice system that this court held unacceptable in its June 10 Order is sufficient to avoid substantial injury to the members of the plaintiff class.

This contention, at a bare minimum, begs the entire question before the court both presently on this motion, and on the merits. The court has held that the defendant's actions are contrary to federal law and deprive the class members of [notice sufficient to enable them to determine whether they are receiving the pass-through payments to which they are entitled]. To argue that because the defendant disagrees with the court's conclusion, a continuation of this unlawful conduct will cause only minimal harm to the intended beneficiaries is untenable.

*Mowbray,* 725 F.Supp. at 891. Thus, this factor weighs against the defendant as well.

## 4. Public Interest

■ Defendant's argument that a stay pending appeal lies within the public interest is limited to the following:

[T]he public interest would plainly be served by avoiding the potentially wasteful expenditure of resources which would result from the implementation of the Court order prior to appeal. As noted earlier, the resources allocated to implementing the pass-through notice changes will neces-

sarily diminish the Department's ability to adequately address the requirements of other public assistance programs.

Def's Memorandum, 12.

Defendant makes no allegation that the strain on resources caused by implementation of this court's June 10 Order will diminish the ability of the Department to comply with the law with respect to other public assistance programs. The public undeniably has an interest in responsible and efficient allocation of limited fiscal resources. At the same time the public has an interest in ensuring that AFDC recipients receive the pass-through child support payments to which they are entitled. The court finds that the latter interest prevails.

Having given careful consideration to the affidavits, memoranda of law, and arguments of counsel in support of and in opposition to this motion, and after due deliberation, the court concludes that defendant Dowling has failed to make a showing necessary to justify a stay pending appeal. Therefore, defendant's motion must be **DENIED**.

### C. Motion for Leave to File Motion for Attorneys' Fees

■ Under the amended Fed.R.Civ.P. 54(d)(2)(B), effective December 1, 1993, "[u]nless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed and served no later than 14 days after entry of judgment." The amendment was intended to "govern all proceedings in civil cases ... commenced [after December 1, 1993] and, insofar as *just and practicable*, all proceedings in civil cases then pending." Order of the Supreme Court, April 22, 1993, 146 F.R.D. 401, 404 (emphasis supplied).

Judgment was entered on June 17, 1994. Plaintiffs' application to the court was filed on September 20, 1994. Although plaintiffs' failed to comply with the rule as amended, the court finds that it would not be "just and practicable" to apply the amended rule to this action because: (1) the action was filed in 1985; (2) the motions for summary judgment that resulted in the court's order were argued on September 25, 1992, well over a year before the effective date of the amendment; (3) defendant's post-judgment motion

required additional work; and (4) the order requires ongoing supervision by the court and continued efforts by the parties to give substance to the remedy ordered by the court through continuing negotiations.

Thus, the court grants plaintiffs' leave to file a motion for attorneys' fees in the exercise of its discretion under Fed.R.Civ.P. 6(b)(2). Rule 6(b)(2) provides that "[w]hen ... an act is required or allowed to be done within a specified time, the court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect...."

> [I]n applying Rule 6(b), the courts of appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, —— U.S. ——, ——, 113 S.Ct. 1489, 1496, 123 L.Ed.2d 74 (1993). "The determination whether neglect is 'excusable' in a particular case rests with the sound discretion of the district court." *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir.1984). The determination of

> what sorts of neglect will be considered "excusable" ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice [to the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv.*, —— U.S. at ——, 113 S.Ct. at 1498 (footnotes omitted).

Although the delay was over two months, defendant fails to controvert plaintiffs' statement that "[d]efendant has long been aware that fees would be sought in this case," and thus, would not be prejudiced by leave to file such an application. Because the proceed-

ings have continued beyond the judgment through supervision by the court and continued negotiations by the parties, the impact of the length of the delay on the proceedings is negligible. Further, there is no evidence or allegation of plaintiffs' bad faith.

Therefore, the court **GRANTS** plaintiffs' motion for leave to file a motion for attorneys' fees, and directs plaintiffs to file the information necessary for the court to make an informed determination pursuant to Rule 54(d). Pursuant to 42 U.S.C. § 1988, the court further directs the plaintiffs to submit fee information regarding only work performed in furtherance of those portions of the judgment in which plaintiffs prevailed, namely mailers and notices and *Quern*-type notice.

**IT IS SO ORDERED.**