**RESTAURANT ASSOCIATES, INC.**

v.

**BOARD OF ADJUSTMENT OF THE CITY OF FORT WORTH, Texas, et al.**

No. CIV.A. 4:02–CV–328Y.

United States District Court, N.D. Texas, Fort Worth Division.

April 29, 2003.

---

Steven Hershey Swander, Law Office of Steven H. Swander, Fort Worth, TX, for plaintiff.

Christopher B. Mosley, Fort Worth City Attorney's Office, Fort Worth, TX, for defendants.

*ORDER DENYING DEFENDANTS' MOTION FOR INJUNCTION PENDING APPEAL*

MEANS, District Judge.

Pending before the Court is the defendants' Motion for Injunction Pending Appeal [doc. # 35–1], filed April 1, 2003. Having carefully considered the motion, response, and reply, the Court concludes that it should be DENIED.

On November 20, 2001, plaintiff Restaurant Associates, Inc. applied with Bob Riley, the director of the City of Fort

Worth's Department of Development, for a Specialized Certificate of Occupancy ("SCO") to operate a sexually oriented business ("SxOB")[1] at 2300 Cobb Street, Fort Worth, Texas. On December 21, Riley denied the plaintiff's application because the proposed location for the SxOB was located within 1000 feet of the Salvation Army building located at 1855 East Lancaster, Fort Worth, Texas. Specifically, Riley indicated that the Salvation Army building had a chapel located within it and stated that city ordinances prohibited the issuance of an SCO for an SxOB that was located within 1000 feet of a "religious institution." The plaintiff filed a request for reconsideration of Riley's decision, which Riley denied on January 17, 2002.

Thereafter, on January 25, 2002, the plaintiff appealed Riley's decision to the Board of Adjustment of the City of Fort Worth, Texas ("the Board"). The Board, on March 6, upheld Riley's decision, "finding that he did not err[ ] by denying plaintiff's application since the Salvation Army Building contained a chapel where religious services were conducted." (Pl.'s Orig. Pet. at 3.) The plaintiff then appealed the Board's decision by filing a verified petition with the state court on March 13. The defendants removed the cause to this Court on April 3.

On March 3, 2003, the Court issued an order holding that, as a matter of law, the decision of the Board upholding the denial of an SCO to the plaintiff for the operation of an SxOB because its proposed location was within 1000 feet of the Salvation Army, located at 1855 East Lancaster, Fort Worth, Texas, was an abuse of discretion. Consequently, the Court reversed the Board of Adjustment's decision. The defendants filed a notice of appeal on April 1.

In their motion for injunction pending appeal, the defendants claim that the Court should issue the injunction pending the appeal because "there exists a likelihood of success on the merits of the appeal since there is substantive and probative evidence on the record supporting the [Board's] decision; irreparable injury will result if this stay is not granted since a church exists 1000 feet of the location of the proposed [SxOB]; the granting of the stay will not injure the plaintiff since the plaintiff is operating two sexually oriented businesses presently in Fort Worth; and the granting of the stay will serve the public interest since the Love Memorial Church of God in Christ will be able to operate peacefully and without disruption during the appeal and the spirit of state law and local ordinance would be followed."

"In evaluating a motion for a stay pending appeal under Federal Rule of Civil Procedure 62(c), courts apply a test similar to that used to decide whether to grant a preliminary injunction." *Schwartz v. Dolan*, 159 F.R.D. 380, 383 (N.D.N.Y. 1995). "Four factors govern the court's discretion in ruling on this motion: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantively injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)).

After reviewing these factors, the Court concludes that the defendants are not entitled to an injunction pending appeal. At the very least, the defendants have not

1. Specifically, the plaintiff wanted to open an adult cabaret, which is classified as an SxOB under the Fort Worth zoning ordinances. The ordinances require that any person desiring to operate an SxOB must first obtain an SCO.

shown a substantial likelihood of success on the merits of an appeal. The defendants claim that "[t]he Court in reversing the [Board's] decision substituted its own judgment for that of the [Board] instead of applying the correct, more deferential standard required by Texas law." (Defs.' Memorandum in Supp. of Injunction Pending Appeal ("Defs.' Mem.") at 3.) The defendants argue that there was ample evidence in the record to support the Board's finding that the Love Memorial Church of God in Christ "was operating in a separate building, the multi-purpose building, at 1855 East Lancaster." (Defs.' Mem. at 4.) The defendants appear to be particularly bothered by the Court's reference in a footnote to its "review of the architectural drawings that the multi-purpose building that houses the chapel where the worship activities are conducted is not a separate building." (Defs.' Reply at 2.)

The defendants, however, appear to have misconstrued the Court's reference in a footnote to whether the Salvation Army was made up of one or more buildings as substituting its own judgment for that of the BOA. The point the Court made was that, even with all the substantial evidence in the record, there was nothing to support an interpretation by the Board that a one-room chapel within a larger building [2] met the definition of a "building" as defined by the city ordinances.

Consequently, it is ORDERED that the defendants' Motion for Injunction Pending Appeal [doc. # 35–1] is DENIED.

---

**2.** It does not matter whether the Salvation Army facility is made up of one or more buildings. The important fact is that the chapel is just one room in a larger building. The Court finds it telling that the defendants state that "the Love Memorial Church of God in Christ was operating in a separate building, the multi-purpose building." This appears to the Court to be an admission that the multi-purpose building is much more than a church, otherwise it would not be used for "multi-purposes."