**4**

SOL SALINS, INC., Respondent–
Appellant,

v.

W.M. ERCANBRACK CO., INC.,
Complainant–Appellee.

Civ. A. No. 93–0764 (TPJ/PJA).

United States District Court,
District of Columbia.

April 29, 1994.

See also 844 F.Supp. 817.

Howard Bruce Silbergerg, McLean, VA,
for respondent.

Robert Van Der Velde, Cleveland, OH, for
appellee.

*AMENDED MEMORANDUM ORDER*

ATTRIDGE, United States Magistrate
Judge.

W.M. Ercanbrack Co. Inc., having pre-
vailed on the merits in these proceedings,
moves for an award of costs and attorney
fees. The matter comes to us in a convolut-
ed fashion.

Ercanbrack Co. filed a complaint against
Sol Salins, Inc. with the Secretary of Agricul-
ture seeking a reparation award pursuant to
the Perishable Agricultural Commodities Act
(PACA), 7 U.S.C. § 499 a-s (1980 & 1993
Supp.). Salins noted an appeal to this Court
from the entry of an award against it by the
Secretary. The appeal was accompanied by
a petition seeking a set-off against that
award of a sum equal to the value of 213
boxes of spoiled agricultural products it do-
nated to charity. The petition identified Sa-
lins as the respondent and Ercanbrack Co. as
the complainant.

Thereafter, Ercanbrack successfully
moved for summary judgment in its favor
affirming the reparation order of the Secre-
tary. The order directed that the judgment
be satisfied out of funds on deposit with the
Clerk of Court.

Ercanbrack did not seek attorney fees and
costs at the time it filed its motion for sum-
mary judgment.

Thirty days after the entry of judgment,
Ercanbrack moved for an award of attorney
fees and costs pursuant to 7 U.S.C. § 499g.

Salins opposes the request as time-barred
by Local Rule 214, and on the further
grounds that the attorney fee request lacks
sufficient documentation to support a claim
of "reasonableness" and that the statute, in
so far as it permits an allowance of attorney
fees, is unconstitutional since it discriminates
between classes of litigates in the allowance
of such fees.

*Discussion*

Section 499g, sub part (b) of PACA pro-
vides, *inter alia,* that if the appellee (Ercan-
brack) prevails, it *shall* be entitled to reason-
able attorney fee to be taxed and collected as
a part of its costs.

Federal Rule of Civil Procedure
54(d)(2)(B) [1] provides that claims for attorney

---

1. The current 1994 Federal Rules of Civil Proce-    dure became effective December 1, 1993. The

fees shall be made by motion and must be filed no later than 14 days after entry of judgment unless otherwise provided by order of court.

Local Rule 215[2] states that when the court does not enter an order directing the parties to confer regarding attorney fees, requests for attorney fees are to be by motion pursuant to Federal R.Civ.P. 54(d)(2).

Moreover, PACA provides that attorney fees are to be taxed and collected as costs. Local Rule 214(a) requires that "(a) bill of costs must be filed within 20 days after entry of judgment, terminating the case ... unless the time is extended by the court."

Ercanbrack never filed a timely motion under Federal Rule Civil Procedure 54(d)(2), nor Local Rule 214(a) for attorney fees and costs, nor did it move to extend the time for filing such a motion. Therefore, Ercanbrack's present motion is untimely and will be denied.

While an award of attorney fees as well as costs are mandated by statute, the time for asserting such a claim is set by Federal Rule Civil Procedure 54(d)(2)(B) and Local Rule 214(a). Failure to comply with the rules prescribing time limits is deemed a waiver of a request for such costs. *Congregation of the Passion v. Touche, Ross & Co.*, 854 F.2d 219 (7th Cir.1988).

In the words of the tenth circuit, "[a] case cannot remain open for indeterminate or unspecified periods awaiting a party's action to request the assessment of costs nor for any other purpose. An adverse party must be able to assess his position following the trial within the time limits prescribed by the rules of court, and be guided as to his future action accordingly." *Woods Const. Co. v. Atas Chemical Indus.*, 337 F.2d 888, 891 (10th Cir.1964).

Accordingly, it is this 29th day of April 1994:

ORDERED that the motion for an additional order directing appellant to pay costs and attorney fees pursuant to 7 U.S.C. 499g be, and hereby is, denied.

---

judgment in this matter was entered February 17, 1994.

**2.** The current Local Rules became effective March 1, 1994, which was 11 days after entry of the judgment in this·matter with 3 days still remaining before the lapse of the 14 day period allowed under Fed.R.Civ.P. 54(d)(2). Former Local Rule 215 required the court at the time of entry of final judgment to direct the parties to confer in an attempt to agree on attorney fees and to set a status hearing on that issue within 60 days. However, the former rule was silent regarding the applicable procedure in the absence of a confer and status provision in the order of judgment. Under those circumstances, and as the current Local Rule 215 makes clear, Fed.R.Civ.P. 54(d)(2) prevails.