Timothy R. WILSON, Plaintiff,

v.

WILLIAM HALL CHEVROLET, INC.
d/b/a Nelson Hall Chevrolet, Nelson
Hall Chevrolet, Inc., Defendant.

Civ. A. No. 4:93–cv–83(L)(C).

United States District Court,
S.D. Mississippi,
Eastern Division.

Oct. 22, 1994.

William H. Liston, Liston/Lancaster, Winoa, MS, William L. Utsey, Utsey, McPhearson & Christopher, Butler, AL, for plaintiff.

W. Arlo Temple, Arlo Temple, Meridian, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiff Timothy R. Wilson for an award of attorney's fees. Defendant Nelson Hall has responded in opposition to the motion. For the reasons that follow, the court concludes that plaintiff's motion should be denied.

Plaintiff filed this action in May 1993 alleging that he was defrauded in connection with his purchase of a used car from the defendant automobile dealership. Plaintiff specifically charged that defendant committed the tort of fraud when a salesman for defendant represented that the car had never been wrecked when, in fact, it had sustained substantial damage as the result of a wreck. He demanded actual damages, consisting of the purchase price of the automobile and interest incurred in financing his purchase, the loss of the use of the car he traded in and repair costs, as well as punitive damages. In December 1993, plaintiff amended his complaint to include a cause of action for unfair and

deceptive trade practices under Miss.Code Ann. § 75–24–5 for which he demanded, in addition to the damages requested for his tort claim, an award of reasonable attorneys' fees as provided by Miss.Code Ann. § 75–24–15(2). The case was tried before a jury in July 1994 which resulted in a verdict in favor of the plaintiff on both his tort and statutory claims, with an award of $12,330.85 in actual damages and $50,000 in punitive damages. Thereafter, plaintiff filed his motion to recover $31,165.42 in attorneys' fees, citing two separate bases for his request. First, he contends that he should receive an award of attorneys' fees for his tort claim since Mississippi law recognizes the propriety of an award of attorneys' fees in cases where there has been an award of punitive damages. He also claims entitlement to a reasonable attorneys' fee under Miss.Code Ann. § 75–24–15. These two grounds cited in support of plaintiff's motion will be separately addressed.

## Unfair and Deceptive Trade Practices

■ By statute, Mississippi law provides a cause of action for damages in favor of one who has suffered any ascertainable loss of money or property as a result of the use of certain prohibited unfair or deceptive acts and practices. *See* Miss.Code Ann. § 75–24–15. The plaintiff pursued such a claim in this case and now claims that for prevailing on this claim, he is entitled to attorneys' fees. Both at the time plaintiff filed his original complaint and when he filed his amended complaint adding his deceptive trade practices claim, Miss.Code Ann. § 75–24–15(2) provided for an award of attorney's fees to the prevailing party in such an action:

> In any action or counterclaim under this section of this chapter, the prevailing party shall recover in addition to any other relief that may be provided in this section a reasonable attorney's fee.

However, effective March 29, 1994, just over three months before the case was tried, this section of the statute was amended. The amended version no longer provides for an award of attorney's fees to a prevailing plaintiff, and provides, instead, that

> [i]n any action or counterclaim under this section of this chapter, *a prevailing defendant* may recover in addition to any other relief that may be provided in this section costs and a reasonable attorney's fee, if in the opinion of the court, said action or counterclaim was frivolous or filed for the purpose of harassment or delay. (Emphasis supplied).

An issue is presented as to which version of the statute applies to plaintiff's request for attorneys' fees.[1] Plaintiff submits that the *1994 amendment to § 75–24–15 does not apply* to this case, and in support of his position, cites a number of cases holding that statutory enactments have prospective force only, unless the statute clearly specifies otherwise, as explained by the Mississippi Supreme Court in *Mladinich v. Kohn,* 186 So.2d 481 (1966):

> In a long line of cases, this Court has followed the rule that, in the interpretation of statutes, they will be construed to have a prospective operation only, unless a contrary intention is manifested by the clearest and most positive expression. This established rule of construction has been phrased in other ways by [a number of cases]: A statute will not be give retroactive effect unless it is manifest from the language that the legislature intended it to so operate. It will not be construed as retroactive unless the words admit of no other construction or meaning, and there is a plain declaration in the act that it is. In short, these cases illustrate a well-settled attitude of statutory interpretation: A preference that it be prospective only, and a requirement that there should be a clearly expressed intent in the act to make it retrospective.

*Mladinich,* 186 So.2d at 483 (citations omitted). Defendant, on the other hand, submits that where a cause of action exists solely by virtue of statute, if that statute is amended prior to the entry of final judgment, the amended version must be treated as though it was a part of the original statute. This principle was espoused in *City of Clarksdale*

---

1. The parties apparently were unaware of this amendment to the statute at the time the original memoranda on the motion for attorneys' fees were filed and they were requested by the court to file additional briefs addressing this issue.

*v. Mississippi Power & Light Co.*, 556 So.2d 1056 (Miss.1990), wherein the court stated:

> The trial judge held that because the City's right of eminent domain was a creation of statute, under well-settled law any amendment to a statute was treated as though it had been part of the original statute.

We affirm. In *Oliphant v. The Carthage Bank*, 224 Miss. 386, 80 So.2d 63, 72 (1955), we held:

> It is well-settled by the decisions of our Court, and in most every other jurisdiction, that when proceedings are in process under a statute and have not been completed, and have not reached the stage of final judgment, and a new act is passed, modifying the statute under which the proceedings were begun, the new statute becomes integrated into and a part of the old statute as fully as if written therein from the very time the old statute was enacted.

224 Miss. at 410, 80 So.2d at 72.

*City of Clarksdale*, 556 So.2d at 1057; *see also Stone v. Independent Linen Serv.*, 212 Miss. 580, 55 So.2d 165 (1950). As the quoted passage intimates, under the rationales of these cases, if a cause of action based on a statute is commenced *and concluded* by entry of a final judgment, then any subsequent amendment cannot affect the rights acquired by that judgment since the legislature may not " 'take away rights which have been once vested by a judgment.' " *Stone v. McKay Plumbing Co.*, 200 Miss. 792, 817, 30 So.2d 91, 93 (1947) (" 'Legislation may act on subsequent proceedings, may abate actions pending, but when those actions have passed into judgment the power of the legislature to disturb the rights created thereby ceases.' ") (quoting *McCullough v. Commonwealth of Virginia*, 172 U.S. 102, 19 S.Ct. 134, 43 L.Ed. 382 (1898)). In other words, if a statute creates the right, then any amendments to the statute that become effective before final judgment has been entered, or before rights created by the statute vest, must be applied.

This court, while recognizing that the resolution of the issue in the case at bar is not wholly free from doubt,[2] concludes that the amended version of § 75–24–15 should be applied in this case. At the time this case was tried and the jury's verdict rendered, there was no provision in Mississippi's deceptive trade practices law for an award of attorney's fees to a prevailing plaintiff. Thus, in the court's opinion, plaintiff never acquired any "right" to recover attorneys' fees for a violation of the deceptive acts statute, for only when he prevailed would he have been entitled to recover fees, even under the former version of the statute.[3] The court, therefore, will deny plaintiff's motion for an award of attorneys' fees to the extent that it is based on his statutory claim.[4]

### The Punitive Damages Award

Plaintiff next suggests that he should recover an award of attorneys' fees because he was awarded punitive damages by the jury. Under Mississippi law, "[a]ttorney fees may be awarded in cases where punitive damages are proper." *Valley Forge Ins./CNA v. Strickland*, 620 So.2d 535, 542

**2.** The United States Supreme Court has noted the "apparent tension" between a rule similar to that upon which defendant relies, that a court is to apply the law in effect at the time it renders its decision unless to do so would work a manifest injustice to one of the parties or unless the legislature has expressed a contrary intent, and the "generally accepted axiom," upon which plaintiff relies, that laws will be applied retroactively only if the language of the statute requires it. *See Kaiser Alum. & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 837, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990). The Court has not, however, "reconcile[d] the two lines of precedent...." *Id.*

**3.** In the court's view, the term "retroactive" suggests application of a statutory amendment to pre-existing rights. Here, plaintiff had no preexisting or vested right to attorneys' fees at the time the statute was amended.

**4.** Plaintiff suggests in his brief that even if the court were to decide to apply the amended version of the statute, there still would be a question as to whether that version precludes an award of attorneys' fees for a prevailing plaintiff. Presumably, plaintiff recognizes that in the absence of the original version's statutory provision for attorney's fees to a prevailing party, no such award would have been appropriate, for the usual rule is that parties are to bear their own attorney's fees. It follows, then, that a statute which provides only for an award of attorney's fees to a defendant under certain enumerated circumstances implicitly precludes an award of such fees in all other circumstances.

(Miss.1993). However, a plaintiff who recovers a verdict for punitive damages is not thereby *entitled* to recover his attorney's fees. Rather, in the court's opinion, an attorney's fee award, like an award of punitive damages, is discretionary.

■ In this case, it is an inescapable fact that at all times preceding the jury's verdict, the plaintiff pinned his hopes for an attorneys' fee award on his deceptive practices claim and that he did not plead for or otherwise intimate that attorneys' fees were sought as damages in connection with his punitive damages claim. When he filed his original complaint alleging the tort claim and seeking punitive damages, nothing was said about attorneys' fees. When he filed his amended complaint, plaintiff did request attorneys' fees, but solely in connection with his statutory claim. Similarly, in discovery responses and in the pretrial order, attorneys' fees were mentioned, but *not* in relation to his punitive damages claim. Rather, they were tied exclusively to his deceptive practices claim. Only *after* the verdict was entered, when he filed the present motion, were attorneys' fees ever mentioned in connection with his fraud claim and his punitive damages recovery.

The parties dispute whether plaintiff's failure to have requested attorneys' fees in connection with any potential punitive damages claim precludes him from now recovering attorneys' fees.[5] Defendant argues that this failure bars plaintiff from recovering attorneys' fees on the basis of the punitive damages award since attorneys' fees amount to substantive relief which plaintiff never requested. Plaintiff, though, maintains that under this court's Local Rule 15, governing awards of attorney's fees, he was well within his rights in moving for such an award post-trial without having earlier requested those fees.

Local Rule 15, cited by plaintiff, provides the procedure for filing post-trial motions for attorney's fees, including applicable time limits, thirty days in the case of motions for attorney's fees that are awarded as part of the costs and ten days where attorney's fees are sought as substantive relief. The rule does not address the question of whether a party must plead his entitlement to attorney's fees as a prerequisite to the recovery of those fees. The answer to that question is, instead, governed by the Federal Rules of Civil Procedure.

Rule 8, which establishes the general rules of pleading, requires that the plaintiff include in his complaint "a demand for judgment for the relief the pleader seeks." Further, Rule 9(g) requires that items of special damage be specifically pled. A number of courts have held that at least in some contexts, requests for attorney's fees are items of special damages which must be specifically pled, failing which they are not recoverable. *See, e.g., In re American Cas. Co.*, 851 F.2d 794, 801–02 (6th Cir.1988) (claims for attorney's fees are items of special damages which must be specifically pleaded under Rule 9(g)); *Atlantic Purchasers, Inc. v. Aircraft Sales, Inc.*, 705 F.2d 712, 716 n. 4 (4th Cir.), *cert. denied*, 464 U.S. 848, 104 S.Ct. 155, 78 L.Ed.2d 143 (1983) (buyer's failure to state specifically a claim for attorney's fees under state's unfair trade practices act barred recovery of such fees); *Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.*, 474 F.2d 840, 843 (3d Cir.1973); *In re Odom*, 113 B.R. 623 (C.D.Cal.Bankr.1990); *cf. Crosby v. Old Republic Ins. Co.*, 978 F.2d 210, 211 n. 1 (5th Cir.1992) (failure to plead attorney's fees as an item of special damages did not bar recovery where the claim, though not pled, was advanced during pretrial conferences such that pleadings could properly be considered as having been amended to include such claim); *see also* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1310, at 702 (1990).

■ While perhaps there may be circumstances in which the failure to plead for

---

5. Though plaintiff did ask for attorneys' fees on his statutory claim, the court has already concluded that such fees are not recoverable on the basis of that claim. The issue which remains is whether he can recover them on the basis of the jury's punitive damages verdict. Since plaintiff never requested fees in connection with his punitive damages claim until after the conclusion of the trial, then for present purposes, the court considers that plaintiff never requested any attorneys' fees at all until post-trial.

attorney's fees might not be a bar to recovery, in this court's opinion, this is not one of them. Particularly where, as here, there is no *right* to attorney's fees inherent in the claim upon which the request for such fees is predicated, the failure to request fees in the pleadings or otherwise prior to the jury's verdict precludes their recovery. Accordingly, the court will deny plaintiff's request for an award of attorneys' fees based on his punitive damages recovery.[6]

### Conclusion

Based on the foregoing, it is ordered that plaintiff's motion for an award of attorneys' fees is denied.

ORDERED.

---

**6.** The court notes that it would not have been inclined to award such fees in any event, especially since the punitive damages awarded are sufficient to cover the attorneys' fees requested by the plaintiff.