**44 LIQUORMART, INC. and People's
Super Liquor Stores, Inc.,
Plaintiffs,**

v.

**The STATE OF RHODE
ISLAND, Defendant.**

**C.A. No. 92–0115/P.**

United States District Court,
D. Rhode Island.

Sept. 18, 1996.

Barry J. Kusinitz, Corrente, Brill & Kusinitz, Providence, RI, Evan T. Lawson, Lawson & Weitzen, Boston, MA, for Plaintiffs.

Rebecca Tedford Partington, Office of the Attorney General, Providence, RI, for Defendant.

*ORDER AND MEMORANDUM*

PETTINE, Senior District Judge.

In February, 1992, plaintiffs, 44 Liquormart, Inc. and Peoples' Super Liquor Stores, Inc., both licensed retailers of alcoholic beverages, filed an action against the

Rhode Island Liquor Control Administrator ("Administrator"), Kate F. Racine, seeking a declaratory judgment that Rhode Island statutes and their enforcement by the Administrator violated the First and Fourteenth Amendments, as well as various provisions of federal law. Specifically, plaintiffs challenged the constitutionality of Rhode Island Gen. Law § 3–8–7 (1987), which prohibits retailers of alcoholic beverages from advertising the price of alcohol, and Rhode Island Gen. Law § 3–8–8.1 (1987), which prohibits the media from advertising the price of alcoholic beverages. Subsequently, the Rhode Island Liquor Stores Association intervened as a defendant, and the State of Rhode Island replaced the Administrator as the principal defendant.

On August 10, 1993, I issued a decision in favor of plaintiffs, finding that the Rhode Island provisions violated the United States Constitution because they did not "directly advance" Rhode Island's interest in reducing alcoholic consumption and were "more extensive than necessary to serve that interest." *44 Liquor Mart, Inc. v. Racine,* 829 F.Supp. 543, 555 (D.R.I.1993). The Court of Appeals for the First Circuit subsequently reversed this decision. *44 Liquormart, Inc. v. Rhode Island,* 39 F.3d 5 (1st Cir.1994).

Plaintiffs appealed and the Supreme Court granted certiorari. 514 U.S. ——, 115 S.Ct. 1821, 131 L.Ed.2d 743 (1995). Attorneys for both parties presented convincing arguments to the Supreme Court. Nonetheless, on May 13, 1996, after a well-fought battle, the United States Supreme Court reversed the First Circuit and rendered a decision in favor of plaintiffs. The Supreme Court found that Rhode Island's "advertising ban is an abridgment of speech protected by the First Amendment and that it is not shielded from the Twenty-first Amendment." *44 Liquormart, Inc. v. Rhode Island,* —— U.S. ——, 116 S.Ct. 1495, 1501, 134 L.Ed.2d 711 (1996). Accordingly, on June 17, 1996, the First Circuit issued an amended mandate affirming my August 10, 1993 judgment.

Four weeks later, on August 16, 1996, plaintiffs filed a motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 ("§ 1988"), asking me to award the plaintiffs attorneys' fees in the amount of $256,349.50 and other costs in the amount of $30,625.30. Defendant timely filed an objection to plaintiffs' motion asserting that: (1) plaintiffs failed to specifically plead attorneys' fees in their complaint as required by Federal Rule of Civil Procedure 9(g) ("Rule 9"); and (2) plaintiffs were time barred by application of Federal Rule of Civil Procedure 54(d)(2)(B) ("Rule 54"). Plaintiffs responded by filing a motion, pursuant to Federal Rule of Civil Procedure 6(b) ("Rule 6") for an enlargement of time to apply for attorneys' fees and costs. Defendant objected to this motion in a timely manner.

For the reasons discussed below, I deny plaintiffs' Rule 6(b) motion for an enlargement of time and conclude that plaintiffs' § 1988 motion for attorneys' fees is time barred by the application of Rule 54.

### I. Introduction

Defendant objects to plaintiffs' motion for attorneys' fees on the grounds that: (1) Rule 9, which provides that litigants must specifically plead "special damages" bars plaintiffs' motion because they failed to specifically plead § 1988 attorneys' fees in their complaint; and (2) plaintiff's § 1988 motion was filed two weeks beyond the time limit set forth in Rule 54. Plaintiffs argue that neither of these objections has merit. First, plaintiffs argue that Rule 9 does not require that litigants specially plead § 1988 attorneys' fees because such fees are not "special damages." Second, plaintiffs assert that pursuant to Rule 6(b), I should overlook their failure to comply with Rule 54's time restrictions because this failure is a result of "excusable neglect" pursuant to Rule 6(d). I consider each of these arguments in turn.

### II. Items of "Special Damages" Under Rule 9

Rule 9(g) provides: "When items of special damage are claimed, they shall be specifically stated." Fed.R.Civ.P. 9(g). Whether a specific claim for relief constitutes "special damages" is not always a clear, and "special damages" are defined as:

those elements of damages that are the natural, but not the necessary, conse-

quence of defendant's conduct, and usually stem from the particular circumstances of the case. Unfortunately, in many contexts, *the line between the two is not clear* and the pleader must exercise caution whenever he is seeking to recover any "unusual" damage items.

Wright & Miller, Federal Practice & Procedure: Civ.2d § 1310 [emphasis added.] It is clear, however, that a court properly bars recovery of those items of "special damages" which are not specifically pled. Wright & Miller, Federal Practice & Procedure: Civ.2d § 1312.

■ Attorneys' fees are generally considered items of "special damages" which must be specifically pled under Rule 9. *See, Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.,* 474 F.2d 840 (3d Cir.1973); *In re Odom,* 113 B.R. 623 (C.D.Cal.Bankr.1990); *Wilson v. William Hall Chevrolet, Inc.,* 871 F.Supp. 279 (S.D.Miss.1994); *Hartford Police F.C.U. v. DeMaio,* 158 B.R. 890 (D.Conn. Bankr.1993); *Cotton Bros. Baking Co., Inc. v. Industrial Risk Insurers,* 102 F.R.D. 964 (W.D.La.1984); *Western Casualty and Surety Company v. Southwestern Bell Telephone Company,* 396 F.2d 351 (8th Cir.1968); 5 Wright & Miller, Federal Practice & Procedure: Civ.2d § 1310.

Some court decisions, however, suggest that failure to specifically plead for § 1988 attorneys' fees may not bar their recovery. For example, the Sixth Circuit awarded § 1988 attorneys' fees to plaintiffs despite the fact that plaintiffs' claim did not rely specifically upon 42 U.S.C. § 1983, one of the civil rights provisions listed in § 1988. *Americans United for Separation of Church and State v. School District of City of Grand Rapids,* 835 F.2d 627 (6th Cir.1987). According to the court, plaintiffs allegations, upon which they prevailed, "were sufficient to state a cause of action under § 1983." *Id.* at 632. Therefore, said the court, "plaintiffs satisfied the requirements of § 1988 in that they prevailed in an action to enforce a provision of § 1983 ..." *Id.* at 633. From this, it can be argued that if plaintiffs are not required to specifically cite 42 U.S.C. § 1983 in the complaint to obtain § 1988 attorneys' fees, than plaintiffs need not specifically cite § 1988 to obtain attorneys' fees.

Nonetheless, not all courts appear to agree with this reasoning. For example, in *Fitzgerald v. City of Philadelphia,* the court determined that plaintiff "is not entitled to counsel fees under 42 U.S.C. § 1988 because, having neither pleaded nor argued a right to fees under that statute in the trial court, he waived the same." *Fitzgerald v. City of Philadelphia,* 87 Pa.Cmwlth. 482, 489, 487 A.2d 485, 490 (Cmwlth.Ct.Penn.1985).

In sum, despite the general understanding that attorneys' fees are items of "special damages" that must be specifically pled, there may be merit to plaintiffs' argument that their failure to specifically request § 1988 attorneys' fees in their complaint does not bar their post-judgment motion for attorneys' fees. However, because I conclude that Rule 54's time restrictions bar plaintiffs' recovery, I do not need to decide this issue.

### III. Plaintiffs Have Failed to Show "Excusable Neglect" For Their Failure to Comply With Fed.R.Civ.P. 54

■ Plaintiffs invoke Rule 6 to argue that I should overlook their failure to comply with Rule 54, arguing that their delay in filing the § 1988 motion results from "excusable neglect."[1] Rule 6(b) provides:

(b) Enlargement. When by these rules ... an act is required or allowed to be done at or within a specified time, the

---

1. It is worth noting here that Rule 54 is not the only provision to which plaintiffs have failed to adhere. Plaintiffs have also failed to comply with District Court of Rhode Island Local Rule 12(a)(1), which states in relevant part:

The movant in every motion except motions to assign for hearing, to extend time, to compel under Rule 37(a)(2) of the Federal Rules of Civil Procedure, or to determine suffering under Rule 36 of the Federal Rules of Civil Procedure ..., shall serve and file with the motion a

separate memorandum of law containing the authorities and reasoning supporting his position and any affidavits and other papers or materials setting forth or evidencing facts on which he bases the motion.

District Court of Rhode Island Local Rule 12(a)(1). The only supporting documentation plaintiffs filed with their § 1988 motion for attorneys' fees was an affidavit; they failed to file a supporting memorandum of law.

court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect* ...

Fed.R.Civ.P. 6(b). The Supreme Court discussed at length the "excusable neglect" standard in *Pioneer Inv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In *Pioneer*, the Court defined "excusable neglect" for purposes of Federal Rules of Bankruptcy Procedure 9006(b)(1) ("Rule 9006(b)"), which permits bankruptcy courts to allow creditors to file claims after the imposed "bar date," or deadline for filing such claims. The *Pioneer* Court's discussion of "excusable neglect" for purposes of Rule 9006(b) is relevant here because, in describing the Rule 9006(b) "excusable neglect" standard, the Court specifically referred to Rule 6(b). The Court pointed out that, "9006(b)(1) was patterned after 6(b) of the [Federal Rules of Civil Procedure]" *Id.* at 391, 113 S.Ct. at 1496.[2] The Court then defined the "excusable neglect" standard:

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

*Id.* at 392, 113 S.Ct. at 1496 [footnotes omitted]. Although "excusable neglect" is an "elastic concept," the Court listed several factors for lower courts to consider when determining whether a party's failure to comply with court rules should be excused:

> With regard to determining whether a party's neglect of a deadline is excusable ... we conclude that the determination is at the bottom an equitable one, taking ac-

count of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice [to the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395, 113 S.Ct. at 1498 [footnotes omitted.]

The *Pioneer* Court then considered the "relevant circumstances" of the case before it, finding that respondents' delay in filing was made in good faith and did not prejudice the debtor or disrupt efficient judicial administration. *Id.* at 397, 113 S.Ct. at 1499. But the Court did not complete its analysis there, and went on to carefully examine respondents' asserted reasons for the delay, deciding that respondents' delay in filing was "excusable."

Respondents provided the Court with two reasons for the filing delay. First, the respondents' attorney "was experiencing a 'major and significant disruption' in his professional life caused by his withdrawal from his former law firm" resulting in a lack of access to the case file. *Id.* at 384, 113 S.Ct. at 1492. Second, the bar date notice, which should have been "prominently announced and accompanied by an explanation of its significance," was instead inconspicuously placed in a notice of a creditors' meeting. *Id.* at 398, 113 S.Ct. at 1499. Therefore, respondents did not have sufficient notice of the bar date.

In evaluating these two reasons, the Court gave "little weight to the fact that counsel was experiencing upheaval in his law office at the time of the bar date." *Id.* at 398, 113 S.Ct. at 1499. Rather, in finding that respondents' delay was "excusable," the Court primarily relied upon respondents' second

---

2. Indeed, the language of Rule 9006(b) is almost identical to the language of Rule 6(b). Compare Rule 6(b), *supra*, with the following:

> [W]hen an act is required or allowed to be done at or within a specified period ... the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request there-

for is made after the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed.R.Bankr.P. 9006(b).

reason, concluding "that the unusual form of notice employed in this case requires a finding that the neglect of respondents' counsel was, under all the circumstances, 'excusable.'" *Id.*

In the case at hand, there is nothing to indicate that plaintiffs' failure to comply with Rule 54 was made in bad faith; nor is defendant unduly prejudiced by plaintiffs' delay in filing. However, the holding in *Pioneer* requires that I do not end my inquiry here; I must also assess plaintiffs' asserted reason for the delay in filing the § 1988 motion.

Plaintiffs argue that I should excuse their failure to comply with Rule 54's filing deadline because the delay:

> was the result of a culmination of circumstances … Indeed, before the amended mandate [3] was handed down, the judgment stood as "reversed" so the plaintiffs were technically not entitled to fees under § 1988. Counsel for plaintiff in Boston experienced changes in support personnel which resulted in misplacing of the notification of the amended mandate.

Plaintiff's Reply to Defendant's Objection to Plaintiff's Motion for An Award of Attorney's Fees Pursuant to 42 U.S.C. § 1988, at 8. Essentially, plaintiffs rely upon two arguments to excuse their delay, arguing that: (1) they did not have notice that they were entitled to attorneys' fees; and (2) changes in their Boston attorney's law office staff resulted in loss of the First Circuit's amended mandate.

Plaintiffs' first argument is simply not convincing. On May 13, 1996, one month before the First Circuit issued its amended mandate, the Supreme Court rendered its decision in favor of plaintiffs. It is hard to imagine that plaintiffs were unaware of the Supreme Court's favorable decision and unaware that they may be entitled to § 1988 attorneys' fees. There is nothing in Rule 54 or § 1988 itself that kept plaintiffs from filing their § 1988 motion immediately upon hearing of the Supreme Court's favorable decision.

For the reasons set forth by the Supreme Court in *Pioneer*, plaintiffs' second argument fails. Plaintiffs argue that a change in their attorney's personnel staff resulted in temporary loss of the First Circuit's amended mandate. This rationale is identical in nature to the *Pioneer* respondent's argument that upheaval in their attorney's office constituted "excusable neglect"—an argument which the Supreme Court rejected. Therefore, under the *Pioneer* "excusable neglect" standards, plaintiffs have failed to show sufficient reason for me to enlarge the time to file the § 1988 motion for attorneys' fees.

Lower court case law supports the conclusion that plaintiffs' failure to comply with Rule 54 is inexcusable. The First Circuit has noted that time limitations prescribed in rules merit strict enforcement. "In general, rules limiting the time within which fee claims may be filed are enforceable according to their tenor." *Witty v. Dukakis*, 3 F.3d 517, 519 (1st Cir.1993). The *Witty* appellants argued that the court should excuse their failure to file for attorneys' fees in a timely manner because, although they received notice of the final judgment, they did not receive notice of its entry. The First Circuit rejected this argument, stating, "This suggestion ignores an abecedarian rule of civil practice: parties to an ongoing case have an independent obligation to monitor all developments in the case and cannot rely on the clerk's office to do their homework for them … In sum, appellants' professed lack of awareness cannot be permitted to frustrate the [rule]." *Id.* at 520, 521 [citations omitted]. Similarly, here plaintiffs' failure to realize the date on which the First Circuit entered the amended order, caused by their attorney's law office staff, cannot frustrate Rule 54's time limits. Nor can I excuse

---

**3.** On June 17, 1996, the First Circuit entered the amended mandate, reversing their prior ruling in favor of defendant, pursuant to the Supreme Court's May 13, 1996 decision in favor of plaintiffs. According to District Court of Rhode Island Local Rule 44, "an order or judgment of an appellate court in a case appealed from this court shall, if further proceedings are not re-quired, become the order or judgment of this court and be entered as such upon receipt of the mandate of the appellate court." Thus, the amended mandate served as the final judgment for purposes of Rule 54, and started the 14 day time limit for filing the § 1988 motion for attorneys' fees.

plaintiffs' failure to monitor the developments of their case. Plaintiffs knew that the United States Supreme Court had overruled the First Circuit and that the First Circuit would be issuing an amended order. A telephone call to the court would have informed them of the date the First Circuit entered the amended order.

The situation here does not compare with other cases in which courts have excused parties' failure to comply with court rules pursuant to Rule 6(b). For example, compare the situation here with that presented to the court in *Schwartz v. Dolan*, 159 F.R.D. 380 (N.D.N.Y.1995). The *Schwartz* court granted plaintiffs' Rule 6(b) motion for an enlargement of time, reasoning that:

> [a]lthough plaintiffs' [sic] failed to comply with the rules as amended, the court finds that it would not be 'just and practicable' to apply the amended rule to this action because: (1) the action was filed before 1985; (2) the motions for summary judgment that resulted in the court's order were argued on September 25, 1992, well over a year before the effective date of the amendment; (3) defendant's post-judgment motion required additional work; and (4) the order requires ongoing supervision by the court and continued efforts by the parties to give substance to the remedy ordered by the court through continuing negotiations.

*Id.* at 385. None of these factors are present here. This action was filed in 1992 and continued into 1996—long-after the 1993 Amendments to Rule 54 had taken effect.[4] Thus, plaintiffs should have been on notice during the course of litigation that Rule 54

time limits applied. Further, this case simply does not involve any post-judgment court involvement; nor does it involve post-judgment attorney work.

After "taking account of all relevant circumstances surrounding [plaintiffs'] omission," *Pioneer, supra* at 395, 113 S.Ct. at 1498, I simply cannot conclude that plaintiffs' failure to comply with Rule 54 time limits is a result of "excusable neglect." Accordingly, I deny plaintiffs' Rule 6(b) motion for an enlargement of time in which to file their § 1988 motion for attorneys' fees.

## IV.  Conclusion

In rendering this decision I do not believe that I am engaging in unnecessarily rigid adherence to a merely formalistic court rule. Rather, I have made this decision after carefully balancing the burdens imposed by Rule 54's time limits, the policies that Congress has sought to encourage by promulgating Rule 54, as well as plaintiffs' reason for the delay in filing.

Rule 54's time requirements are not onerous. The Rule requires that a prevailing party file a motion for attorneys' fees within fourteen days of the final judgment. However, parties need not, at the time of filing, also file supporting documentation:

> The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case. What is required is the filing of the motion suffi-

---

4. Plaintiffs have not raised the argument that Rule 54 does not apply because the case was filed in 1992, before the 1993 amendments to Rule 54. Plaintiffs may recognize that this argument is without merit. In *Central States, Southeast and Southwest Areas Pension Fund, et al. v. Art Pape Transfer*, 1995 WL 653992 (N.D.Ill.), a case procedurally similar to the one here, the court held that defendants were not entitled to a Rule 6(b) enlargement of time, and therefore barred from seeking attorneys' fees, because they had failed to show excusable neglect. The court held that Rule 54 applied to cases filed prior to the 1993 Amendments, but pending at the time of the amendments. In so holding, the court relied upon the April 22, 1993 Order accompanying the

amended Federal Rules of Civil Procedure, ¶ 2, where the United States Supreme Court stated:

> That the ... amendments to the federal Rules of Civil Procedure shall take effect on December 1, 1993, and shall govern ... insofar as just and practicable, all proceedings in civil cases *then pending*.

*Order of the Supreme Court of the United States,* April 22, 1993, 146 F.R.D. 401, 404 [emphasis added]; *see also, Central* *2; *United Industries, Inc. v. Simon–Hartley, Ltd.,* 91 F.3d 762, 766 (5th Cir., 1996). The court also determined that defendant's "good faith belief that the amended rules did not apply to this case," is not excusable neglect. *Id.* at *3; *see also, Fila USA, Inc. v. Chong,* 1996 WL 19579 (N.D.Ill.) *2.

cient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate). Fed.R.Civ.P. 54, Advisory Committee Notes, 1993 Amendments. Thus, plaintiffs could have complied with Rule 54 merely by filing a simple document informing the court and defendant that they were seeking attorneys' fees pursuant to § 1988, and a "fair estimate" of the amount of these fees. This they failed to do.

Further, I cannot ignore the policies Congress seeks to encourage through compliance with Rule 54's time limits. According to the Advisory Committee:

> One purpose of this provision is to assure that the opposing party is informed of the claim before the time for appeal has elapsed ... In many nonjury cases the court will want to consider attorneys' fees issues immediately after rendering the judgment on the merits of the case.... Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review of the merits of the case.

Fed.R.Civ.P. 54(d)(2)(B), Advisory Committee Notes, 1993 Amendments; *see also, United Industries, Inc. v. Simon–Hartley*, 91 F.3d 762, 766 (5th Cir.1996). In *Sol Salins, Inc. v. W.M. Ercanbrack*, 155 F.R.D. 4 (D.C. 1994), the court noted additional reasons for court enforcement of the Rule:

> In the words of the tenth circuit, "[a] case cannot remain open for indeterminate or unspecified periods awaiting a party's action to request the assessment of costs nor for any other purpose. An adverse party must be able to assess his position following the trial within the time limits prescribed by the rules of court, and be guided as to his future action accordingly." *Woods Const. Co. v. Atlas Chemical Indus.*, 337 F.2d 888, 891 (10th Cir.1964).

*Sol Salins, supra* at 5.

In sum, weighing the policies underlying Rule 54 against the light burden of complying with the Rule and plaintiffs' asserted reasons for failing to comply with it, I simply cannot undermine its enforcement by granting plaintiffs' Rule 6 motion for an enlargement of time in which to move the court for § 1988 attorneys' fees. Because plaintiffs are not excused from Rule 54's time limits, their § 1988 motion for attorneys' fees is also denied.

SO ORDERED.